FLANAGAN *v.* O'BRIEN *et al.*

(*Supreme Court, General Term, First Department.* June 29, 1892.)

EVIDENCE OF CONVERSION.

In an action for conversion of plaintiff's tools, used by him upon certain contract work of defendants, evidence that plaintiff saw some of the tools claimed in defendant's building, which was met by an express denial by one of defendants that any of plaintiff's tools were in defendant's possession, does not establish defendant's liability in conversion therefor, without more specific evidence of defendant's assumed dominion over the tools claimed.

Appeal from circuit court, New York county.

Action by John Flanagan against John O'Brien and Heman Clark for the conversion of certain personal property alleged to belong to plaintiff. From a judgment entered on a verdict in favor of plaintiff, and an order denying a motion for a new trial, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and O'BRIEN and PATTERSON, JJ.

*E. T. Lovatt,* for appellants. *Kellogg, Rose & Smith,* (*L. L. Kellogg,* of counsel,) for respondent.

VAN BRUNT, P. J. This action was brought to recover damages for the conversion of certain personal property alleged to belong to the plaintiff, and which had been converted by the defendants. The answer consisted substantially of a general denial. Evidence was given tending to show that the defendants had in their possession property which had belonged to the plaintiff, and which had been used upon certain work which was being done by the defendants, in respect to which the plaintiff was at one time a subcontractor, and subsequently an employe; and also in regard to certain other property which was upon a vacant lot adjacent to the work. It is claimed upon the part of the plaintiff that evidence was given tending to show that the defendants had taken possession of this property upon the vacant lot. An examination of the record shows that there was no evidence whatever of such taking of possession, except that in relation to some drills which the plaintiff saw in the building of the defendants. An examination of the case fails to disclose any evidence from which the conclusion could be arrived at that the remainder of the property was in the possession of the defendants; and there is an express denial of one of the defendants, at least, that any of the tools belonging to the plaintiff were in the possession of the defendants. Without some more specific evidence of assumed dominion upon the part of the defendants with respect to these tools, it does not seem to us that a liability should be established. It is true that, upon an examination of the record, this question does not seem to be distinctly raised, but a recovery in an action of this kind should not be permitted where the record is substantially devoid of evidence to sustain it. It would seem, therefore, that a new trial should

be had in order that the doubt in respect to this question may be removed. The judgment and order appealed from should be reversed, and a new trial ·ordered, with costs, not to the appellant only, but to the finally successful party, to abide the event of the action.   All concur.